IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Civil Action No. 24-cv-673

| | |
|---|---|
| MARY TANSILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NOTICE OF REMOVAL |
| ) | |
| NORTH CAROLINA CVS PHARMACY ) | |
| LLC, and CVS PHARMACY, INC., ) | |
| ) | |
| Defendants. ) | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants North Carolina CVS Pharmacy, L.L.C. and CVS Pharmacy, Inc. (collectively "CVS" or "Defendants") remove this action from the General Court of Justice, Superior Court Division, County of New Hanover, North Carolina, to the United States District Court for the Eastern District of North Carolina. In support of removal, and expressly reserving all questions other than removal, Defendants show the Court as follows:

## Background

1. On June 27, 2024, Plaintiff Mary Tansill filed a civil action against the Defendants in the Superior Court for New Hanover County, North Carolina, case number 24 CVS 002497, (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint in the State Court Action is attached as "Exhibit A." The summons issued to Defendants in the State Court Action is attached as "Exhibit B." The Affidavits of Service by Certified Mail are attached as "Exhibit C".

2. The Complaint asserts claims against the Defendants for negligence based on a theory of premises liability, alleging that Defendants were negligent in operation and maintenance of the CVS Pharmacy located at 4600 Oleander Drive, Wilmington, North Carolina. *See generally* Compl. (Ex. A).

## The Procedural Requirements for Removal Are Satisfied

3. This Court has original subject-matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Removal is proper under 28 U.S.C. § 1441 because this is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Defendant North Carolina CVS Pharmacy, L.L.C. was served with the Complaint and Summons on July 5, 2024, and less than one year has passed since the original commencement of this action. Accordingly, this Notice of Removal is being filed within thirty days of initial service of the Complaint, rendering removal timely under 28 U.S.C. §§ 1446(b) and 1446(c)(1).

5. Defendant CVS Pharmacy, Inc. was served with the Complaint and Summons on July 5, 2024, and less than one year has passed since the original commencement of this action. Accordingly, this Notice of Removal is being filed within thirty days of initial service of the Complaint, rendering removal timely under 28 U.S.C. §§ 1446(b) and 1446(c)(1).

6. Venue in this Court is proper under 28 U.S.C. §§ 113(a) and 1441(a), because this is the District and Division embracing the place where the State Court Action was pending at the time of removal.

7. No previous notice of removal has been filed in this action.

8. Proper notice is being given. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing written notice of the filing of this Notice of Removal with the Superior Court for New Hanover County, North Carolina, and are also serving this Notice of Removal upon Plaintiff's attorney of record.

**Basis for Removal: Diversity Jurisdiction**

9. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. Additionally, it is apparent from the Complaint that the amount in controversy in this action exceeds $75,000.00.

10. The federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." and there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a).

11. Plaintiff is a citizen and resident of New Hanover County North Carolina. *See* Compl. ¶ 1.

12. Defendant CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business in Woonsocket, Rhode Island.

13. Defendant North Carolina CVS Pharmacy, L.L.C. is a limited liability company that was organized under North Carolina law with its principal place of business in Rhode Island. However, "[f]or purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

14. North Carolina CVS Pharmacy, L.L.C.'s sole member is CVS Pharmacy, Inc., which is a Rhode Island corporation with its principal place of business in Woonsocket, Rhode Island.

15. Based on the foregoing, Defendants are citizens of Rhode Island for purposes of evaluating diversity jurisdiction under 28 U.S.C. § 1332(a) and (c)(1).

16. As a result, complete diversity of citizenship exists under 28 U.S.C. § 1332. Plaintiff is a citizen of North Carolina, while Defendants are citizens of Rhode Island.

17. Defendants expressly dispute any liability to Plaintiff for monetary, declaratory, or equitable relief, under any claim, and reserve the right to dispute that Plaintiff's Complaint states a claim upon which relief may be granted or otherwise presents a justiciable controversy. Solely for purpose of this Notice of Removal, however, Defendants represent that based on the face of the Complaint, the amount in controversy exceeds $75,000.00.

18. "Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith," unless it appears to a "legal certainty" that the claim is truly for less than the jurisdictional amount. *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981); *accord, JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010).

19. Under Rule 8 of the North Carolina Rules of Civil Procedure, Plaintiff is not permitted to state a specific demand for monetary relief in the Complaint. N.C. Gen. Stat. § 8(a)(2). In light of this pleading restriction, federal courts in North Carolina have looked to the allegations of the Complaint and employed judicial experience and common sense in evaluating whether the amount-in-controversy exceeds $75,000. *See, e.g.*, *Costin v. Ally Bank Corp.*, No. 7:13-CV-113-BO, 2013 WL 4828576, at *2 (E.D.N.C. Sept. 10, 2013); *Dagiel v. Kemper Corp.*, No. 1:11cv262, 2012 WL 1596978, at *2 (W.D.N.C. May 7, 2012); *Dash v. FirstPlus Home Loan Owner Trust 1996-2*, 248 F. Supp. 2d 489, 496-99 (M.D.N.C. 2003).

20. In the Complaint, Plaintiff Mary Tansill asserts a claim of negligence against the Defendants based on a theory of premises liability. *See generally* Compl. She alleges that she was at the subject CVS Pharmacy location when she tripped over an allegedly improperly placed display of bottled water located inside the store. Compl. ¶20.

21. As a result of Plaintiff tripping, she "sustained serious Injuries to her left knee, right foot and the thoracic region of her back." *Id.* ¶ at 22.

22. Plaintiff Mary Tansill also alleges damages for medical expenses (past and future), pain and suffering/emotional distress (past and future), physical impairment (past and future), permanent injury. *Id.* ¶¶ 32-36, and 46-49.

23. On information and belief, the amount of medical expenses that Plaintiff Mary Tansill will seek to recover in this action, as defined by Rule 414 of the North Carolina Rules of Evidence, will exceed $75,000.00.

24. Based on the foregoing, because there is complete diversity of citizenship and because this action involves more than $75,000.00 in controversy, removal of this case is proper under 28 U.S.C. § 1332.

## **Non-Waiver of Defenses**

25. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' rights to assert any defense or affirmative matter including, without limitation, failure to state a claim or any other procedural or substantive defense available under state or federal law.

WHEREFORE, Defendants remove this action from the General Court of Justice, Superior Court Division, New Hanover County, North Carolina to this Court and request that this Court assume jurisdiction over this action to proceed to final determination thereof. If any

question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a response brief in support of their position that this case is removable.

Respectfully submitted, this the 1st day of August 2024.

/s/ Leslie C. Packer
Leslie C. Packer
N.C. Bar No. 13640
Christopher E. Flurry
N.C. Bar No. 57892
Ellis & Winters LLP
P.O. Box 33550
Raleigh, NC 27636
Telephone: 919-865-7000
Facsimile: 919-865-7010
leslie.packer@elliswinters.com
chris.flurry@elliswinters.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I certify that on August 1, 2024, I filed the foregoing document with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

John Tidball
The Speaks Law Firm, P.C.
902 Market Street
Wilmington, NC 28401
jtidball@speakslaw.com

*/s/ Leslie C. Packer*
Leslie C. Packer